**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL NIVARD BEATON, | No. 2:19-CV-2198-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| MODOC COUNTY SHERIFF, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names three defendants: (1) Modoc County Sheriff, (2) William "Tex" Dowdy, and (3) Ben Potap.  Plaintiff claims all defendants deprived him of his personal property, violating his Fourteenth Amendment rights.

Plaintiff, a prisoner at Valley State Prison, attempted to recoup property in possession of defendant Modoc County Sherriff's Office.  Plaintiff received a letter, dated July 1, 2015, from defendant Modoc County Sheriff's Office stating that they would not ship, nor pay for shipping of, plaintiff's property.  The July 1 letter also stated that the "Modoc County Sheriff's Office is required to hold [plaintiff's] property only until [his] release."  ECF 1 at 14.  Four years later, plaintiff received an undated letter on October 1, 2019 from defendant Modoc County Sheriff. The undated letter stated that plaintiff had until September 30, 2019 (one day before plaintiff read the letter) to collect his property "or it will be considered a relinquishment of ownership transferring all rights to the Modoc County Sheriff's Office."  Id. at 13.  Since the deadline to recover plaintiff's property already expired, plaintiff claims that he never received adequate notice from defendant Potap.  The undated letter was signed by defendant Potap, and it included defendant Dowdy in the letterhead as the sheriff of Modoc County.

///
///
///
///
///
///

2

## II.  DISCUSSION

Plaintiff states sufficient facts to allege a cognizable claim against defendant Potap for violating plaintiff's due process rights under the Fourteenth Amendment.  However, the Court finds that plaintiff's complaint against defendants Modoc County Sheriff's Office and Dowdy is insufficient to proceed past screening.  Plaintiff fails to state sufficient facts to allege that either defendant Modoc County Sheriff or Dowdy were causally connected to a constitutional violation under the municipal and supervisor theories of liability.

### A. **Municipal Liability**

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Plaintiff never makes a factual allegation that defendant Modoc County Sheriff, as a local government unit, implemented a policy or custom that caused him to be deprived of his property.  On the contrary, the July 1 letter states the "Modoc County Sheriff's Office is required to hold [his] property only until [his] release." ECF 1 at 14.  According to the July 1 letter, defendant Modoc County Sheriff's policy was to retain plaintiff's property until his release from prison.  Without alleging that an agent conformed to an unconstitutional policy, custom, or practice implemented by defendant Modoc County Sheriff, plaintiff fails to state a claim against

defendant Modoc County Sheriff under § 1983.

**B.**     **Supervisor Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

Plaintiff appears to claim that defendant Dowdy violated his rights solely because Dowdy held the position of sheriff.  Defendant Dowdy is never referenced in the body of the complaint, and his name only appears in the letterhead of the letter written by defendant Potap.  Plaintiff fails to include any factual allegations that defendant Dowdy implemented a policy resulting in the deprivation of plaintiff's property.  Since plaintiff does not allege that a causal connection between defendant Dowdy and an unconstitutional violation exists, plaintiff fails to sufficiently claim defendant Dowdy violated his due process rights under § 1983.

4

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  June 22, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE