UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON, | No. 2:19-cv-2198 AC P |
| Plaintiff, | |
| v. | ORDER |
| MODOC COUNTY SHERIFF, et al., | |
| Defendants. | |

This prisoner civil rights action has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff has filed a motion for default and sanctions, ECF No. 27, and a motion for default and summary judgment, ECF No. 28. Both motions are directed at defendant Ben Potap, and seek judgment in plaintiff's favor on grounds that Potap failed to file a timely response to the First Amended Complaint. Id. For the reasons explained below, these motions will be denied.

On July 1, 2021, the undersigned ordered service on sole remaining defendant Potap. ECF No. 24. The docket indicates that the U.S. Marshals Service (USM) was provided with documents for service the same day. Plaintiff filed his motions at ECF Nos. 27 and 28 on October 4, 2021. At the time the motions were filed, there had been no return of service. On December 28, 2021, defendant filed a Waiver of Service of Summons. ECF No. 31 at 2. The Process Receipt and Return form (USM-285) to which the waiver is attached indicates that the

1

USM had mailed a waiver form to defendant on July 16, 2021; had followed up with the Modoc County Jail on November 15, 2021, learned that the waiver had never been received, and emailed a copy; and on December 28, 2021, sent another email to retrieve the waiver, received the waiver by return email, and submitted it to the court for docketing.  Id. at 1.  Potap's signature on the waiver is dated December 28, 2021.

When a waiver of service is requested and executed, an answer is not due until 60 days after the request for waiver was made.  Fed. R. Civ. P. 4(d)(3).  It therefore does not appear that an answer is yet overdue.

Moreover, any motion for judgment on the basis of a defendant's failure to appear and answer the complaint must comply with Federal Rule of Civil Procedure 55.  A plaintiff must first obtain an entry of default by the Clerk pursuant to Rule 55(a), and only then may bring a motion for default judgment under Rule 55(b)(2).  Plaintiff failed to comply with this procedure, and any attempt to seek default was in any case premature when the motions were filed.  Since that time Potap has waived service, and an answer is therefore forthcoming.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions at ECF Nos. 27 and 28 are DENIED.

DATED: January 31, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE